WAJDA LAW GROUP, APC
Nicholas M. Wajda (State Bar No. 259178)
6167 Bristol Parkway
Suite 200
Culver City, California 90230
Telephone: (310) 997-0471
Facsimile: (866) 286-8433
Email: nick@wajdalawgroup.com
*Attorney for Plaintiff*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DENISE MCPHERSON,<br><br>Plaintiff,<br><br>v.<br><br>SEQUIUM ASSET SOLUTIONS, LLC,<br><br>Defendant. | Case No. 2:20-cv-07151<br><br>**COMPLAINT FOR DAMAGES**<br><br>1. **VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692 *ET SEQ.*;**<br><br>2. **THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227 *ET SEQ.*;**<br><br>3. **VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, CAL. CODE §1788 *ET SEQ.***<br><br>**JURY TRIAL DEMANDED** |

**NOW COMES** Denise McPherson ("Plaintiff"), by and through the undersigned attorney ("Wajda"), complaining of Sequium Asset Solutions, LLC ("Defendant") as follows:

**NATURE OF THE ACTION**

1.  Plaintiff brings this action seeking redress for violations of the Fair Debt Collection Practices Act ("FDCPA") pursuant to 15 U.S.C. § 1692, the Telephone Consumer Protection Act ("TCPA") pursuant to 47 U.S.C. §227, and violations of the Rosenthal Fair Debt Collection

1

Practices Act ("RDFCPA") pursuant to Cal. Civ. Code §1788.

2.     Subject matter jurisdiction is conferred upon this Court by the FDCPA, TCPA, and 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. §1367.

3.     Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Plaintiff resides in the Central District of California, and Defendant conducts business in the Central District of California and maintains significant business contacts in the Central District of California.

## PARTIES

4.     Plaintiff is a natural person over 18-years-of-age who, at all times relevant, resided in the Southern District of California.

5.     Defendant is a debt collection agency with its principal place of business located at 1130 Northchase Parkway SE, Suite 150, Marietta, Georgia 30067. Defendant's principal business operation is collecting defaulted debts on behalf of others. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

## FACTS SUPPORTING CAUSES OF ACTION

6.     In or around 2018, Defendant began placing collection calls to Plaintiff's cellular phone number (415) XXX-6236.

7.     At all times relevant to this instant action, Plaintiff was the sole owner, possessor, and operator of the cellular phone number ending in 6236.

8.     Plaintiff was perplexed why Defendant was calling her because the alleged debt Defendant was attempting to collect did not belong to her, and Plaintiff *never* provided her telephone number to Defendant.

2

9. Plaintiff has answered several calls from Defendant since 2018 and demanded to be placed on a do not call list, as the debt does not belong to her.

10. On or around April 22, 2020, Plaintiff again answered a call from Defendant. Defendant's representative asked for Plaintiff's name. When Plaintiff said "Denise," Defendant's representative acknowledged that she was the wrong party.

11. During the call, Plaintiff told Defendant's representative to *again* place her on a do not call list or she would be suing Defendant for harassment.

12. On April 23, 2020, Defendant placed another phone call to Plaintiff's cellular phone number, despite know that Plaintiff was not the party it was attempting to contact.

13. The same day, Plaintiff returned Defendant's call, reiterated that she is not the owner of the debt, and requested to speak with a supervisor.

14. Plaintiff was placed on an extensive hold before the representative returned and stated that due to the COVID-19 pandemic, a supervisor was unable speak with her.

15. Frustrated by lack of assistance, Plaintiff again informed Defendant that she would pursue legal action if Defendant continued to place calls to Plaintiff's cellular phone.

16. During the phone calls Plaintiff answered, Plaintiff was greeted by a noticeable period of "dead air" while Defendant's telephone system attempted to connect Plaintiff to a live agent.

17. Specifically, there would be an approximate 3 second pause between the time Plaintiff said "hello," and the time that a live agent introduced them self as a representative of Defendant attempting to collect on the subject debt.

18. Failing to acquiesce to Plaintiff's demands that it stop calling her cellular phone, Defendant continued to call Plaintiff without her consent numerous times between 2018 and the present day.

3

19.     Defendant mainly used the phone numbers (415) 422-9473, (415) 422-9421, and (415) 422-9526 to place harassing phone calls to Plaintiff's cellular phone, but upon information and belief, it may have used other phone numbers to contact Plaintiff.

20.     Defendant intentionally harassed and abused Plaintiff on numerous occasions by calling with such frequency as can be reasonably expected to harass.

### DAMAGES

21.     Defendant's wanton and malicious conduct has severely impacted Plaintiff's daily life and general well-being.

22.     Defendant's phone harassment campaign and illegal collection activates have caused Plaintiff actual harm, including but not limited to, invasion of privacy, nuisance, emotional distress and anguish, intrusion upon and occupation of Plaintiff's telephone capacity, wasting Plaintiff's time, aggravation that accompanies unsolicited telephone calls, emotional distress, mental anguish, anxiety, loss of concentration, and diminished value and utility of telephone equipment.

23.     Plaintiff has expended time and incurred costs consulting with her attorney as a result of Defendant's unfair, deceptive, and misleading actions.

24.     In addition, each time Defendant placed a telephone call to Plaintiff, Defendant occupied Plaintiff's telephone number such that Plaintiff was unable to receive other phone calls.

25.     Concerned about the violations of her rights and invasion of her privacy, Plaintiff was forced to seek the assistance of counsel to file this action to compel Defendant to cease its unlawful conduct.

### COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

26.     Plaintiff restates and realleges paragraphs 1 through 25 as though fully set forth herein.

27. Plaintiff is a "consumer" as defined by FDCPA §1692a(3).

28. Defendant is a "debt collector" as defined by §1692a(6) because its primary business is the collection of delinquent debts and it regularly collects debts and uses the mail and/or the telephones to collect delinquent accounts allegedly owed to a third party.

29. Moreover, Defendant is a "debt collector" because it acquired rights to the alleged debt after it was in default. 15 U.S.C. §1692a(6).

30. The alleged debt which Defendant is attempting to collect upon is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

31. Defendant used the phone to attempt to collect the subject debt and, as such, engaged in "communications" as defined in FDCPA §1692a(2).

32. Defendant's communications to Plaintiff were made in connection with the collection of the subject debt.

33. Defendant violated 15 U.S.C. §§1692c(a)(1), d, d(5), e, e(10), and f through its unlawful debt collection practices.

**a. Violations of FDCPA § 1692c**

34. Defendant violated §1692c(a)(1) when it continuously called Plaintiff after being notified to stop on numerous occasions. This repeated behavior of continuously and systematically calling Plaintiff's cellular phone after she demanded that it cease contacting her was harassing and abusive. Even after being told to stop contacting her and the alleged debt did not belong to her, Defendant continued its onslaught of phone calls with the specific goal of oppressing and abusing Plaintiff into paying a debt that she did not legally owe as it belongs to another individual.

35. Moreover, Defendant was repeatedly notified by Plaintiff that she is not the individual it was looking for and that its calls were not welcomed. As such, Defendant knew that

5

its conduct was inconvenient, unwanted, and distressing to her.

### b. Violations of FDCPA § 1692d

36. Defendant violated §1692d by engaging in abusive, harassing, and oppressive conduct by relentlessly calling Plaintiff's cellular phone seeking payment on the alleged debt that did not belong to her. Moreover, Defendant continued placing relentless calls after Plaintiff put Defendant on notice that she wanted the calls to cease.

37. Defendant violated §1692d(5) by causing Plaintiff's cellular phone to ring repeatedly and continuously in an attempt to engage Plaintiff in conversations regarding the collection of the alleged debt with the intent to annoy, abuse, or harass Plaintiff. Furthermore, Defendant continued to place these calls after Plaintiff informed Defendant its calls were no longer welcome. Specifically, Defendant placed or caused to be placed numerous harassing phone calls to Plaintiff's cellular telephone from 2018 through the present day.

### c. Violations of FDCPA §1692e

38. Defendant violated §1692e and e(10) when it used deceptive means to collect and/or attempt to collect the alleged debt. Defendant repeatedly contacted the wrong party seeking to collect upon a debt not owed by Plaintiff. Even after being asked to stop, Defendant continued its harassing behavior by calling Plaintiff numerous times in a deceptive attempt to force him to answer its calls and ultimately make a payment, even though the debt did not belong to her.

### d. Violations of FDCPA §1692f

39. Defendant violated §1692f and f(1) when it unfairly and unconscionably attempted to collect a debt by continuously calling Plaintiff to collect upon a debt that did not belong to her. Defendant repeatedly attempted to dragoon Plaintiff into making a payment that she did not legally owe. By placing voluminous phone calls after becoming privy to the fact that it is contacting the

wrong person is unfair and unconscionable behavior. These means employed by Defendant only served to worry and confuse Plaintiff.

40. As an experienced debt collector, Defendant knew or should have known the ramifications of collecting on a debt through incessant harassing phone calls to the phones of consumers that do not legally owe such debt.

41. Upon information and belief, Defendant systematically attempts to collect debts through harassing conduct and has no procedures in place to assure compliance with the FDCPA.

42. As stated above, Plaintiff was severely harmed by Defendant's conduct.

**WHEREFORE**, Plaintiff, DENISE MCPHERSON respectfully requests that this Honorable Court:
   a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;
   b. Award Plaintiff statutory and actual damages, in an amount to be determined at trial, for the underlying FDCPA violations;
   c. Award Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k; and
   d. Award any other relief as the Honorable Court deems just and proper.

### COUNT II – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION

43. Plaintiff restates and realleges paragraphs 1 through 42 as though fully set forth herein.

44. Defendant repeatedly sent or caused to be sent frequent non-emergency calls, including but not limited to the calls referenced above, to Plaintiff's cellular telephone number using an automatic telephone dialing system ("ATDS") without Plaintiff's consent in violation of 47 U.S.C. §227 (b)(1)(A)(iii).

45. The TCPA defines ATDS as "equipment which has the capacity…to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers." 47 U.S.C. §227(a)(1).

7

46. Upon information and belief, based on Defendant's lack of prompt human response during the phone calls in which Plaintiff answered, Defendant used an ATDS to place calls to Plaintiff's cellular telephone.

47. Upon information and belief, the ATDS employed by Defendant transfers the call to a live agent once a human voice is detected, thus resulting in a pause after the called party speaks into the phone.

48. Upon information and belief, Defendant's phone system stores telephone numbers to be called, using a random or sequential number generator, which it used to call Plaintiff on her cellular phone.

49. Defendant violated the TCPA by placing numerous phone calls to Plaintiff's cellular phone between 2018 and the present day, after being told to cease calling, using an ADTS without her consent.

50. As pled above, Plaintiff was severely harmed by Defendant's collection calls to her cellular phone.

51. Upon information and belief, Defendant has no system in place to document and archive whether it has consent to continue to contact consumers on their cellular phones.

52. Upon information and belief, Defendant knew their collection practices were in violation of the TCPA, yet continued to employ them to increase profits at Plaintiff's expense.

53. Defendant, through its agents, representatives, subsidiaries, third party contractors, and/or employees acting within the scope of their authority acted intentionally in violation of 47 U.S.C. §227(b)(1)(A)(iii).

54. Pursuant to 47 U.S.C. 227(b)(3)(B), Defendant is liable to Plaintiff for a minimum of $500 per phone call. Moreover, pursuant to 47 U.S.C. §227(b)(3)(C), Defendant's willful and knowing violations of the TCPA triggers this Honorable Court's discretion to triple the damages

to which Plaintiff is otherwise entitled to under 47 U.S.C. §227(b)(3)(C).

**WHEREFORE**, Plaintiff, DENISE MCPHERSON, respectfully prays this Honorable Court for the following relief:

   a. Declare Defendant's phone calls to Plaintiff to be in violation of the TCPA;
   b. Award Plaintiff damages of at least $500 per phone call and treble damages pursuant to 47 U.S.C. §227(b)(3)(B)&(C);
   c. Enjoining Defendant from further contacting Plaintiff; and
   d. Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT III – VIOLATIONS OF THE ROSENTHAL FAIR DEBT COLLECTION ACT

55. Plaintiff restates and realleges paragraphs 1 through 54 as though fully set forth herein.

56. Plaintiff is a "person" as defined by Cal. Civ. Code § 1788.2(g).

57. The alleged subject debt is a "debt" and "consumer debt" as defined by Cal. Civ. Code § 1788.2(d) and (f).

58. Defendant is a "debt collector" as defined by Cal. Civ. Code § 1788.2(c).

**a. Violations of RFDCPA § 1788.11(e)**

59. The RFDCPA, pursuant to Cal. Civ. Code § 1788.11(e), states that a debt collector may not communicate "by telephone or in person, with the debtor with such frequency as to be unreasonable and to constitute a harassment to the debtor under the circumstances."

60. Defendant violated the RFDCPA when it continuously called Plaintiff's cellular phone after she informed them she wanted the calls to cease. This repeated behavior of systematically calling Plaintiff's phone despite her demands was oppressive, harassing, and abusive. The repeated contacts were made with the hope that Plaintiff would make a payment, even though the alleged debt did not belong to her. The frequency and volume of calls shows that Defendant willfully ignored Plaintiff's pleas with the intent of annoying and harassing her.

9

61. Upon being told to stop contacting Plaintiff, Defendant had ample reason to be aware that it should cease its harassing campaign of collection phone calls. Nevertheless, Defendant consciously chose to continue placing phone calls to Plaintiff's cellular telephone.

**WHEREFORE**, Plaintiff, DENISE MCPHERSON, respectfully requests that this Honorable Court:

a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;
b. Award Plaintiff actual damages, pursuant to Cal. Civ. Code § 1788.30(a);
c. Award Plaintiff statutory damages up to $1,000.00, pursuant to Cal. Civ. Code § 1788.30(b);
d. Award Plaintiff costs and reasonable attorney fees as provided pursuant to Cal. Civ. Code § 1788.30(c); and
e. Award any other relief as this Honorable Court deems just and proper.

**Plaintiff demands trial by jury.**

Date: August 8, 2020

Respectfully submitted,

By: */s/ Nicholas M. Wajda*
Nicholas M. Wajda (State Bar No. 259178)
**WAJDA LAW GROUP, APC**
3111 Camino Del Rio North, Suite 400
San Diego, California 92108
Telephone: (310) 997-0471
Facsimile: (866) 286-8433
Email: nick@wajdalawgroup.com
*Attorney for Plaintiff*